USCA1 Opinion

 

 April 11, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1480 DENNIS SIROIS, Plaintiff, Appellant, v. MAINE STATE PRISON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Dennis Sirois on brief pro se. _____________ ____________________ ____________________ Per Curiam. Dennis Sirois appeals the dismissal __________ pursuant to 28 U.S.C. 1915(d) of his pro se complaint ___ __ alleging constitutionally deficient medical treatment. His suit under 42 U.S.C. 1983 -- against the prison entity, its warden and deputy warden, a medical administrator, a John Doe nurse, and the entire medical staff at the prison -- alleged various instances of failure to provide medical treatment. Specifically, Sirois claimed that the defendants refused to treat an abscess that resulted from an injection of medication administered on March 2, 1994. The complaint sought declaratory and injunctive relief, as well as monetary damages. The magistrate-judge recommended that the complaint be dismissed as frivolous. Sirois objected, but the district court adopted the recommended decision and dismissed the complaint. Although the district court may have erred in dismissing the complaint as frivolous under 1915(d) since Sirois' claims are at least arguable, see Neitzke v. ___ _______ Williams, 490 U.S. 319, 327-28 (1989), we nonetheless affirm ________ on the basis that the error was harmless. See J.E. Riley ___ __________ Inv. Co. v. Commissioner, 311 U.S. 55, 59 (1940); Doe v. _________ ____________ ___ Anrig, 728 F.2d 30, 32 (1st Cir. 1984). _____ To state a cognizable Eighth Amendment claim based on medical mistreatment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, _______ ______ 429 U.S. 97, 106 (1976). Our review of the record satisfies us that Sirois has not alleged medical needs of sufficient seriousness to warrant Eighth Amendment scrutiny. Hudson v. ______ McMillian, 112 S. Ct. 995, 1000 (1992). The condition _________ suffered as a result of the injection appears to have been relatively minor. There are no allegations of fever, and Sirois was vague about the severity and duration of pain, as well as the number of treatment requests made. It is acknowledged that the condition was treated after the filing of this complaint, seemingly to Sirois' satisfaction. Even treating his objections to the magistrate's recommended decision as amendments, we are persuaded that the complaint failed to state a cognizable Eighth Amendment claim. Affirmed. Affirmed. ________ -3- UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 94-2172 CMM CABLE REP., INC., d/b/a CREATIVE MEDIA MANAGEMENT, INC., Plaintiff, Appellant, v. OCEAN COAST PROPERTIES, INC., d/b/a WPOR-FM, ET AL., Defendants, Appellees. _________________________ -4- APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _________________________ Anne S. Mason, with whom Mason & Assocs., P. ______________ ____________________ A., John H. Rich III, William Sheils, and Perkins, Thompson, __ ________________ ______________ __________________ Hinckley & Keddy were on brief, for appellant. ________________ James G. Goggin, with whom Roy S. McCandless _______________ __________________ and Verrill & Dana were on brief, for appellees. ______________ _________________________ -5- March 6, 1995 _________________________ -6- SELYA, Circuit Judge. CMM Cable Rep., Inc. (CMM), SELYA, Circuit Judge. _____________ plaintiff below, appeals from the district court's denial of preliminary injunctive relief associated with claims of copyright infringement, trademark infringement, and unfair competition.1 We dismiss the appeal as moot. I I Because this case turns principally on its present procedural posture, we do no more than skim the facts. CMM does business under the name and style of "Creative Media Management." It devises promotional strategies to assist radio stations in acquiring and retaining listeners. CMM claims to have created a promotional contest called "PAYROLL PAYOFF ." In due season, it trademarked the name and copyrighted various materials designed for use in executing promotional campaigns that featured the contest. The mechanics of PAYROLL PAYOFF are not relevant to the mootness issue, and rehearsing them would serve no useful purpose.2  ____________________ 1. In point of fact, the district court did not deny CMM's motion for preliminary injunction outright, but granted a small measure of relief. On appeal, CMM complains that the court gave it considerably less than its due, drawing the injunction in much too crabbed a fashion. 2. We refer readers who thirst for greater knowledge to a more detailed account of the PAYROLL PAYOFF concept contained in CMM Cable Rep., Inc. v. Keymarket ___________________________ _________ Communications, Inc., 870 F. Supp. 631, 633-34 (M.D. Pa. _____________________ 1994). -7- 7 CMM unsuccessfully pitched the PAYROLL PAYOFF promotion to radio station WMGX, its regular client in the Portland, Maine, market. Subsequently, a competing station, WPOR,3 tried to acquire the right to run the contest. CMM refused to deal out of loyalty to WMGX. WPOR then took matters into its own hands and "created" (or so it says) a contest-type promotion, reminiscent in some respects of PAYROLL PAYOFF , called "PAYDAY." WPOR began broadcasting its PAYDAY contest in the fall of 1994. II II Unconsoled by the bromide that imitation is the sincerest form of flattery, CMM brought suit in the federal district court charging, among other things, copyright infringement, trademark infringement, and unfair competition. CMM's complaint prayed, inter alia, for damages, equitable _____ ____ remedies, and attorneys' fees. In addition, CMM moved for both temporary and preliminary injunctive relief to halt WPOR's use of the PAYDAY contest pendente lite. ________ ____ The district court refused to issue a temporary restraining order. Instead, it held an evidentiary hearing and, on November 4, 1994, granted a limited preliminary  ____________________ 3. Defendant Ocean Coast Properties, Inc. operates WPOR (sometimes referred to by plaintiff as WPOR-FM). Defendants Robert Gold, Phillip Corper, and William Therriault are all interested in the station's operation. For simplicity's sake, we refer to the defendants, collectively, as "WPOR" or "appellees." -8- 8 injunction prohibiting further production and distribution of the brochures that WPOR had prepared to help promote its PAYDAY scheme.4 The court refused to enjoin WPOR from proceeding with the contest proper, however, ruling that CMM had shown scant prospects of success on its principal claims. This appeal ensued. While the appellate process was underway, WPOR moved to dismiss the appeal on grounds of mootness. In support, it averred that the PAYDAY contest had run its course, and was no longer being broadcast. CMM objected to the proposed dismissal. Though admitting that the contest was off the air, CMM asserted that its appeal could not fairly be characterized as moot. On February 9, 1995, we heard arguments spanning both the question of mootness and the merits of the appeal. III III A federal appellate court may only exercise jurisdiction over actual "cases" or "controversies." U.S. Const. art. III, 2, cl. 1. The instant appeal provides this court with no live controversy to resolve, and, thus, we lack appellate jurisdiction. We explain briefly. This is an interlocutory appeal. It is brought strictly and solely to test whether the district court abused  ____________________ 4. The court determined that CMM would probably succeed in showing that the brochures infringed existing copyrights. -9- 9 its discretion in withholding certain provisional relief. The relief sought is in the nature of a preliminary injunction. The purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs. See Chalk v. United States Dist. Court, 840 F.2d 701, 704 ___ _____ __________________________ (9th Cir. 1988); American Hosp. Ass'n v. Harris, 625 F.2d _____________________ ______ 1328, 1330 (7th Cir. 1980). The court's interim injunctive decree attempts to prevent further injury by maintaining the status quo, cf. Narragansett Indian Tribe v. Guilbert, 934 ___ __________________________ ________ F.2d 4, 5 (1st Cir. 1991) (listing the "potential for irreparable injury" as a standard prerequisite for the granting of a preliminary injunction), thus enhancing the court's ability, if it ultimately finds for the movant, to minimize the harmful effects of the defendant's wrongful conduct. The appealability of orders "granting, continuing, modifying, refusing or dissolving" preliminary injunctions, 28 U.S.C. 1292(a)(1), fits hand-in-glove with this purpose. Indeed, the impetus behind the statutory exception to the "final judgment" rule that allows an immediate appeal of an order refusing a preliminary injunction is to prevent irreparable harm to a litigant who, otherwise, might triumph at trial but be left holding an empty bag. See United States ___ _____________ -10- 10 v. Cities Serv. Co., 410 F.2d 662, 664 (1st Cir. 1969). _________________ Pyrrhic victories, after all, are often cold gruel in the eyes of prevailing parties and do little to burnish the public's perception of the judicial system. We think it follows that, when this harm-preventing function cannot be effectuated by the successful prosecution of an interlocutory appeal from the denial of interim injunctive relief, then the viability of the appeal itself is called into question. See, ___ e.g., Bank of N.Y. Co. v. Northeast Bancorp, Inc., 9 F.3d ____ _________________ ________________________ 1065, 1067 (2d Cir. 1993). Such a configuration exists here. Because WPOR has finished airing its PAYDAY contest, this appeal seeks to enjoin an event that has already fully occurred. No mandate that we might issue can turn back the pages of the calendar and either stop the commission of the allegedly infringing act or fully palliate its effects. Though federal courts possess great authority, they lack the power, once a bell has been rung, to unring it. In short, no justiciable controversy exists because this appeal can no longer serve the intended harm-preventing function, or, put another way, this court, within the isthmian confines of an interlocutory appeal from an order refusing to restrain a now completed act, has no effective relief to offer. Our analysis finds ample support in the case law. It has been common ground throughout the last century that an -11- 11 appeal, although live when taken, may be rendered moot by subsequent developments. See Mills v. Green, 159 U.S. 651, ___ _____ _____ 653 (1895). More specifically, "an appeal from the denial of a motion for a preliminary injunction is rendered moot when the act sought to be enjoined has occurred." McLane v. ______ Mercedes-Benz of North Am., Inc., 3 F.3d 522, 524 (1st Cir. _________________________________ 1993); accord Bank of N.Y., 9 F.3d at 1067; Oakville Dev. ______ _____________ ______________ Corp. v. FDIC, 986 F.2d 611, 613 (1st Cir. 1993). Based on _____ ____ these precedents, it appears that CMM's appeal is moot. See ___ Bank of N.Y., 9 F.3d at 1067 (explaining that an appeal from _____________ the denial of a motion for preliminary injunction is moot if the appellate court can no longer preserve, or feasibly restore, the status quo); Oakville, 986 F.2d at 613 (holding ________ that a case is moot upon the inability of a court to provide effective relief in respect to the claim before it). We emphasize that appellant's suit remains pending in the district court. Unlike this appeal, the suit itself is not moot because the relief requested is attainable; if appellant ultimately prevails, the district court can award money damages, attorneys' fees, and other effective relief. A suit that seeks damages for harm caused by past practices is not rendered moot by the cessation of the challenged conduct. See Curtis Indus., Inc. v. Livingston, 30 F.3d 96, ___ ___________________ __________ 97-98 (8th Cir. 1994) (explaining that a judgment declaring -12- 12 an appeal of a ruling anent a preliminary injunction moot does not preclude the district court from proceeding to hear and determine a claim for damages arising out of the same conduct); Trane Co. v. O'Connor Sec., 718 F.2d 26, 27 (2d _________ ______________ Cir. 1983) (dismissing appeal from denial of preliminary injunction as moot "[e]ven though issues may remain for a trial on the merits"). IV IV Appellant explores two avenues in its effort to detour around the barrier of nonjusticiability. Both are blind alleys. First, appellant asseverates that the harm it has experienced may simply be in a state of temporary remission. It posits that WPOR, having run the allegedly infringing contest once, may do so again, and, if it chooses its time frame skillfully, may continue to dodge appellate review. The asseveration cannot withstand scrutiny. To be sure, the likely recurrence or repetition of the wrong sought to be enjoined, when coupled with a demonstrated tendency to elude review, forms the basis for a recognized exception to the application of the mootness rule. See Oakville, 986 F.2d at 615; see also Southern Pac. ___ ________ ___ ____ _____________ Terminal Co. v. ICC, 219 U.S. 498, 515 (1911) (holding that a ____________ ___ case is not moot if the alleged wrong is "capable of repetition, yet evading review"). But, here, appellant's -13- 13 attempt to invoke this exception lacks at least one necessary ingredient.5 It is not enough that a consummated event could, theoretically, happen again. Rather, for an event to be "capable of repetition" in the requisite sense, there must be a reasonable expectation of reoccurrence. See United ___ ______ States v. Peters, 754 F.2d 753, 758 (7th Cir. 1985); Trane, ______ ______ _____ 718 F.2d at 27. This is not such a case. When questioned at oral argument, appellees' counsel stated flatly that WPOR would refrain from revivifying its contest until after the main case which, as we have said, is awaiting trial in the district court, see supra p.7 has been concluded. We ___ _____ consider an express representation by an officer of the court to be a solemn undertaking, binding on the client, cf., e.g., ___ ____ United States v. Coady, 809 F.2d 119, 121 (1st Cir. 1987) _____________ _____ (refusing to countenance a defendant's attempt to retreat from his attorney's express representation), and we expect that it will be honored. Given the stand-still representation, the potential for reoccurrence or repetition of the allegedly wrongful acts is far too exiguous to support continued appellate jurisdiction. Appellant's second attempted detour need not detain us. CMM contends that the possibility of effective relief  ____________________ 5. We take no view of whether appellant's claim satisfies the "evading review" prong of the exception. -14- 14 exists notwithstanding the end of WPOR's promotion. It anchors this contention on the idea that the district court could still enjoin WPOR pendente lite from reaping the ________ ____ benefits of the increased listener database that it presumably acquired through its exploitation of the PAYDAY contest. There are several problems with this argument. We need not go beyond its two most noticeable flaws. In the first place, CMM never requested this specific relief during the preliminary injunction proceedings in the district court. Consequently, its argument founders. A party who neglects to ask the trial court for relief that it might reasonably have thought would be available is not entitled to importune the court of appeals to grant that relief. See Dartmouth ___ _________ Review v. Dartmouth Coll., 889 F.2d 13, 22 (1st Cir. 1989); ______ _______________ Beaulieu v. United States IRS, 865 F.2d 1351, 1352 (1st Cir. ________ _________________ 1989); see generally Clauson v. Smith, 823 F.2d 660, 666 (1st ___ _________ _______ _____ Cir. 1987) (holding that theories not developed in the district court cannot be raised for the first time on appeal) (collecting cases). In all events, even were the point preserved, it would be unavailing. If CMM prevails on the merits, WPOR's increase in listenership conceivably may represent a form of unjust enrichment, calling for damages in the nature of disgorgement. But an entitlement to money damages, without more, rarely constitutes an adequate basis for injunctive -15- 15 relief. In particular, the issuance of a preliminary injunction requires a showing of irreparable harm to the __ ___ movant rather than to one or more third parties. In the ______ circumstances of this case, WPOR's use of a wrongfully acquired database would not meet this benchmark. Such conduct harms only other radio stations WPOR's competitors not CMM itself. V V We need go no further. Because the relief sought below a more sweeping preliminary injunction cannot feasibly be granted under the changed circumstances that now obtain, this appeal no longer presents a live controversy. The appeal is moot and, therefore, this court lacks jurisdiction to reach the merits.6 Appellate tribunals are not, and should not be, in the surreal business of rendering advisory opinions. Appeal dismissed. Costs in favor of appellees. Appeal dismissed. Costs in favor of appellees. ________________ ___________________________  ____________________ 6. We express no opinion either on the merits of the order appealed from or on the issues that remain to be tried in the lower court. -16- 16