USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1737 GERBER RADIO SUPPLY CO., INC., d/b/a GERBER ELECTRONICS, Plaintiff, Appellant, v. PHILIPS SEMICONDUCTORS, INC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Stephen Schultz and McGowan, Engel, Tucker, Garrett & Schultz on _______________ __________________________________________ Memorandum of Law for appellant. E. Jeffrey Banchero, Banchero & Lasater, Sabin Willett, Peter J. ___________________ __________________ _____________ _________ Mancusi, and Bingham, Dana & Gould on Memorandum of Law for appellee _______ _____________________ Philips Semiconductors, Inc. Raymond R. Randall and Ryan, Boudreau, Randall and Kirkpatrick on __________________ _______________________________________ Memorandum of Law for appellee Wyle Electronics. ____________________ August 3, 1995 ____________________ Per Curiam. Before us is a motion to restore a ___________ preliminary injunction pending appeal. For almost six years, appellant Gerber Radio Supply Co. (Gerber), a Massachusetts- based distributor of electronic components, was a non- exclusive distributor in the northeast region for Philips Semiconductors, Inc. (Philips), a California-based manufacturer of integrated circuits. In March 1995, Philips exercised its contractual option to terminate the distributorship agreement, effective the following month. It thereafter sent to most or all of its remaining local distributors a computerized printout identifying some 520 customers that had bought Philips products from Gerber in 1994, along with their respective volume of purchases. Gerber proceeded to file suit against Philips and various of the distributors in Massachusetts state court, claiming inter _____ alia that the disclosure of its customer list (1) breached a ____ confidentiality obligation contained in the distributorship agreement and (2) was a misappropriation of trade secrets.  A superior court justice denied Gerber's request for a preliminary injunction, finding no likelihood of success on the merits. A single justice of the appeals court, however, agreed to enter a narrow injunction requiring defendants to return all copies of the customer list and precluding them from disclosing the contents thereof to third parties. Gerber's further request to bar defendants from soliciting the listed customers was denied.  Shortly thereafter, the case was removed to federal court. In response to Gerber's motion to extend the preliminary injunction to several defendants recently added to the case, Philips moved for its dissolution, arguing that it was defective on both substantive and procedural grounds. Gerber replied that the district court was constrained to adhere to the single justice's ruling, but that, if any modification were to be undertaken, the injunction should be extended to preclude solicitation of its customers. The district court agreed to dissolve the injunction on the basis that irreparable harm had not been established. Gerber has appealed from this order, and now asks that we restore the preliminary injunction issued by the single justice pending such appeal. For the following reasons, we deny the motion to restore and summarily affirm the order of the district court. Gerber acknowledges that a district court is authorized under 28 U.S.C. 1450 to modify or dissolve a state court injunction following removal. See, e.g., Hyde Park Partners, ___ ____ ___________________ L.P. v. Connolly, 839 F.2d 837, 842 (1st Cir. 1988). It ____ ________ contends, however, that this power does not extend to a state appellate court order. In its view, such an injunction becomes "federalized" once the case is removed and is thereby -3- converted into a federal appellate court order binding on the _________ district court. We note that such a view diverges from the approach adopted in recent removal cases arising in an analogous context. See, e.g., RTC v. Bayside Developers, 43 ___ ____ ___ __________________ F.3d 1230, 1238 (9th Cir. 1994); LeMaire v. FDIC, 20 F.3d _______ ____ 654, 655 & n.3 (5th Cir. 1994), cert. denied, 115 S. Ct. 723 ____________ (1995); In re 5300 Memorial Investors, Ltd., 973 F.2d 1160, ____________________________________ 1162-63 (5th Cir. 1992). Yet we need not resolve this question since Gerber's argument fails for a separate reason. It is undisputed that federal rather than state procedural requirements govern the future course of proceedings in a removed case. See, e.g., Granny Goose ___ ____ _____________ Foods, Inc. v. Brotherhood of Teamsters, Local 70, 415 U.S. ____________ ___________________________________ 423, 437 & n.10 (1974); FDIC v. Bay Street Dev. Corp., 32 ____ ______________________ F.3d 636, 639 (1st Cir. 1994). Here, there is no indication that the single justice, in granting equitable relief, required the posting of a bond or at least considered whether a bond was necessary--as mandated by Fed. R. Civ. P. 65(c). See, e.g., In re Kingsley, 802 F.2d 571, 578 (1st Cir. 1986). ___ ____ ______________ Given this omission, and considering that the single justice's ruling was provisional in nature and lacked written findings, we think the district court was entitled to undertake a review of the state court injunction. -4- We likewise conclude that the district court was warranted in dissolving the injunction. In so concluding, we express no view as to the merits of Gerber's underlying action. Instead, we rely on three considerations. First, we are inclined to agree that irreparable harm has not been demonstrated under the circumstances. Gerber does not suggest that its economic viability is threatened; indeed, sales of Philips products accounted for only seven to eleven percent of its business in recent years. Instead, it contends that it faces the potential loss of all 520 customers identified on the list (said to represent approximately twenty-five percent of its customer base). Yet, having advanced no challenge to the termination of its Philips distributorship, Gerber cannot complain of the inevitable loss of those customers who retain loyalty to Philips products. The extent to which such customers might also take their non-Philips business elsewhere is speculative at this point, but presumably subject to reasonable quantification in the future. Most important, Gerber goes on to explain that it is concerned only with those customers who previously bought Philips products exclusively from Gerber.1 ___________ And the number of such customers--although not specified in the record--appears relatively small. Gerber acknowledges  ____________________ 1. Gerber has not requested that the defendant distributors be enjoined from contacting those customers on the list with whom they were already doing business. -5- that approximately two-thirds of its customers were also those of another distributor (defendant Wyle Electronics). Nor has it disputed that other distributors, as well as Philips itself, have also dealt with various of its customers. These considerations, we think, militate against any finding of irreparable harm. Second, restoration of the narrow injunction imposed by the single justice would accomplish little at this point. Defendants have now been in possession of the customer list for nearly five months. Indeed, partly because of Gerber's failure to seek an appropriate protective order, the list has been publicly available for most of that period--having been submitted (in unsealed format) as part of the record in this case. Under these circumstances, we fail to see how Gerber would benefit from any renewed order barring disclosure of the customer list to third parties. Cf. CMM Cable Rep., Inc. ___ ____________________ v. Ocean Coast Properties., Inc., 48 F.3d 618, 621 (1st Cir. _____________________________ 1995) (noting that an appeal from the denial of a motion for preliminary injunction is moot if the appellate court can no longer preserve, or feasibly restore, the status quo). Finally, the district court's decision not to extend the injunction to bar the solicitation of customers is one we are not prepared to disturb. As just mentioned, the number of customers to whom such an injunction would apply is relatively small, and much of the activity that would thereby -6- be enjoined has already occurred. Moreover, Gerber has now been denied such broader relief by three separate judges. Having reviewed the record and the parties' submissions in full, we are not inclined to reach a different assessment, especially given the deferential standard of review that governs this appeal. See, e.g., Narragansett Indian Tribe v. ___ ____ _________________________ Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). ________ The motion to restore injunction pending appeal is ________________________________________________________ denied, and the order of the district court is summarily _____________________________________________________________ affirmed. See Loc. R. 27.1.  ____________________________ -7-