# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4007

_____

| | | |
|---|---|---|
| Michael S. McFarland; Donna C. | * | |
| McFarland; Roger F. Morgan; | * | |
| Cherly Morgan; Norman R. Cates; | * | |
| Phillis A. Cates; Wayne E. Laslay; | * | |
| Annabell Laslay; Richard A. | * | |
| LaPointe; Bonnie L. LaPointe; | * | |
| Glen G. Pittman; Opal Pittman; | * | |
| G. H. Ricker; Harriett L. Ricker; | * | |
| Orson A. Rau; Glenna M. Rau; | * | |
| Gary Spears; Carolyn Sue Spears; | * | |
| Paul Schafer; Juanita L. Schafer; | * | |
| Robert J. Schumacher; Anna E. | * | |
| Schumacher; Christ Skiroiotis; | * | |
| Sophia Skiroiotis; S. N. Whitcanack; | * | |
| Irene P. Whitcanack; Arthur Zago; | * | |
| Kathleen Zago, individually and on | * | Appeal from the United States |
| behalf of all other purchasers of lots | * | District Court for the Western |
| in the Lake Winnebago South | * | District of Missouri. |
| Retirement Village Subdivision, | * | |
| | * | |
| | * | **[UNPUBLISHED]** |
| Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| Winnebago South, Inc.;Robert V. | * | |
| Steinhilber; Johnita F. Steinhilber; | * | |
| Jack O. Hart; James E. Thompson, Jr.; | * | |
| Grandview Bank & Trust Company; | * | |
| The Pleasant Hill Bank; Cass County | * | |
| Title Company; AMCA, LTD.; Arnold | * | |
| M. Cook Associates, Inc.; Arnold M. | * | |

Cook; Barry A. Cook; Iris B. Cook;        \*
Philip T. Goldstein; Thomas C. Mason;  \*
Emmanuel Rubin; David L. Gibson      \*
Associates, Inc.; David L. Gibson; Lake \*
Winnebago Real Estate & Management  \*
Company, Inc.; Bonnie Hart; Alex       \*
Flemington; Halsey Rains; Mrs.          \*
Shirley Williams; Orien Fehrman;     \*
Bannister Bank; Bank of Lee Summit;  \*
Mission State Bank & Trust Company;  \*
Winnebago South Homeowners        \*
Association, Inc.,                  \*
                                \*
        Defendants,         \*
                                \*
Elvin S. Douglas, Jr.,           \*
                                \*
        Appellant.          \*

_____

Submitted: August 24, 2004
Filed: August 27, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

This appeal arises out of a class-action lawsuit filed in 1971 by purchasers of property in the Winnebago South Retirement Village subdivision. Elvin Douglas (Douglas), attorney for Winnebago South, Inc. (Winnebago), now appeals the district court's[1] orders (1) denying his motion for payment of attorney's fees and costs from

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

-2-

receivership funds, and (2) denying his motion to order Winnebago's receiver partially to withhold distribution of Winnebago's assets pending resolution of Douglas's fees-and-costs motion.

Initially, we agree with appellees that Douglas's appeal from the order declining to withhold distribution of the sale assets is moot, because the receiver has already distributed the assets (reserving a fund from which Douglas could be partially compensated). <u>See</u> <u>Nebraska v. Cent. Interstate Low-Level Radioactive Waste Compact Comm'n</u>, 187 F.3d 982, 987 (8th Cir. 1999); <u>CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.</u>, 48 F.3d 618, 621 (1st Cir. 1995).

As to the fee issue, the district court held that equity did not favor paying Douglas's fees or expenses, because the principals of Winnebago had perpetrated a fraud and had engaged in obstructive and unreasonable tactics that delayed the litigation. Appellees note on appeal that the class plaintiffs, without compensating Douglas, are to receive only 44% of their out-of-pocket costs after more than thirty years of litigation. In these circumstances, we conclude that the district court did not abuse its discretion in declining to compensate Douglas from receivership funds. <u>See</u> <u>Commodity Futures Trading Comm'n v. Morse</u>, 762 F.2d 60, 63 (8th Cir. 1985) (standard of review; no abuse of discretion in denying payment of attorney's fees from receivership estate where funds remaining in estate were not sufficient to pay all claims of defrauded customers).

Accordingly, we affirm.

_____

-3-