**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1173

TRICIA L. RUBACKY,

Plaintiff, Appellant,

v.

MORGAN STANLEY DEAN WITTER CREDIT CORPORATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

Tricia L. Rubacky on brief pro se.
David M. Rosen and Harmon Law Offices, P.C., on brief for
appellee.

July 23, 2004

**Per Curiam**.  This is an interlocutory appeal from the district court's denial of pro se plaintiff's motion to enjoin defendant lender's foreclosure sale of plaintiff's home.  Because the sale has now occurred, plaintiff's request to enjoin the sale has become moot, and she has failed to demonstrate the requisite threat of immediate harm or the likelihood of success on the merits to warrant any other preliminary injunctive relief.

As we recently reiterated, where "[t]he posture of the case has changed in significant ways since the plaintiff initially made her motion for a preliminary injunction," the justiciability of an interlocutory appeal from the denial of that motion "is called into question."  Matos v. Clinton Sch. Dist., 367 F.3d 68, 72 (1st Cir. 2004) (citing CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 48 F.3d 618, 621 (1st Cir. 1995)).  And, where, as here, the event that plaintiff sought to enjoin--the January 2004 foreclosure sale--has already occurred, "this court lacks the power to turn back the clock and, accordingly, . . . the appeal is moot."  Matos, 367 F.3d at 72.

Although plaintiff's motion also sought to enjoin any future foreclosure sale, there is no evidence that any future sale has been or will be scheduled before the trial, which is scheduled to occur this fall.  In the absence of a real threat of immediate and irreparable harm, the district court appropriately declined to issue a preliminary injunction.  Id. at 74 (affirming denial of

-2-

preliminary injunction where claim for relief "lacks immediacy . . . [and] record reflects no reason why that relief, if due, cannot await a full-dress trial"). Also, to the extent that plaintiff's present motion for preliminary injunctive relief was based on the same grounds as her earlier one, there is little likelihood that plaintiff will succeed on those grounds for the reasons stated by the magistrate judge in his Report and Recommendation that the earlier motion be denied.

The district court also properly denied plaintiff's request for injunctive relief against defendant's counsel, prohibiting them "from conducting any foreclosure auctions within the court's borders" until various actions are taken. As recognized by the magistrate judge, defendant's counsel "are not parties to this suit and the allegations [against them] provide no basis for an injunction against the defendant."

The district court did not directly address plaintiff's further request "[t]hat the court order Defendant to remove 'prays' from all its documents in a religiously neutral way." We assume that defendant uses the word "prayer" in the legal sense of a "request addressed to the court and appearing at the end of a pleading; esp., a request for specific relief or damages," Black's Law Dictionary (8th ed. 2004), rather than in any religious sense. Accordingly, the district court properly denied that request for relief as well. For the above reasons, plaintiff's appeal from the

district court's denial of her request to enjoin the sale that has already occurred is <u>dismissed</u> as moot, and the district court's denial of plaintiff's other requests for preliminary injunctive relief is <u>affirmed</u>.