VAQUERIA TRES MONJITAS, INC.
and Suiza Dairy, Inc., Plaintiffs,

v.

Myrna COMAS, in his official capacity, as the Secretary of the Department of Agriculture for the Commonwealth of Puerto Rico, and Edmundo Rosaly, in his official capacity, as Administrator of the Office of the Milk Industry Regulatory Administration for the Commonwealth of Puerto Rico, Defendants.

Civil Nos. 04–1840 (DRD),
08–2191(DRD).

United States District Court,
D. Puerto Rico.

Signed Feb. 28, 2014.

Enrique Nassar–Rizek, Enrique Nassar Rizek & Associates, Rafael Escalera–Rodriguez, Maxine M. Brown–Vazquez, Amelia Caicedo–Santiago, Carlos M. Hernandez–Burgos, Rafael Escalera–Rodriguez, Reichard & Escalera, Jose R. Lazaro–Paoli, San Juan, PR, for Plaintiffs.

Edward W. Hill–Tollinche, Hill & Gonzalez, PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court are the following motions: (a) *Renewed Motion for Stay of Judgment in Compliance with Court Order* filed by the Puerto Rico Dairy Farmers Association ("PRDFA"), Docket No. 2390; (b) *Response in Opposition to "Renewed Motion for Stay of Judgment in Compliance with Court Order" (Dkt. No. 2390)* filed by Suiza Dairy, Inc. ("Suiza"), Docket No. 2394; (c) *The PRDFA's Motion Supplementing Renewed Motion for Stay of Judgment Pending Appeal,* Docket No. 2419; (d) *PRDFA's Second Motion Supplementing Renewed Motion for Stay of Judgment Pending Appeal,* Docket No. 2443; (e) *Response in Opposition to "PRDFA's Second Motion Supplementing Renewed Motion for Stay of Judgment Appeal" (Dkt. No. 2443)* filed by Suiza, Docket No. 2455. For the reasons set forth below, the PRDFA's *Renewed Motion for Stay of Judgment,* Docket No. 2390, is denied.

**1.** Indeed, the record shows that since the parties filed the *Final Settlement Agreement* on October 29, 2013, Docket No. 2322, the PRDFA reacted immediately on October 30, 2013 through their *Motion Requesting Stay of Entry of Judgment,* Docket No. 2324, that is, even before the final judgment was entered. The Court notes that the PRDFA is an intervener and/or a party in interest who is directly affected by this action. However, PRDFA as an intervener and/or a party in interest is

## *Introduction*

After more than nine years of intense litigation, this case was settled and *Judgment* was entered on November 7, 2013. *See Amended Order and Judgment,* Docket No. 2351 (entered at 11:35 a.m. AST). However, the *saga* did not end with the entry of judgment. On the same date, that is, November 7, 2013 at 2:12 p.m. AST, the PRDFA, an intervener in the instant case, filed a *Motion to Stay Judgment,* Docket No. 2353.[1] A *Notice of Appeal* filed by the PRDFA followed on November 7, 2013, Docket No. 2354, USCA Case No. 13–2412. On November 26, 2013, the United States Court of Appeals for the First Circuit ("First Circuit"), entered an *Order of Court,* which reads in its relevant part:

> This matter is before the court on an emergency motion for stay pending appeal filed by the Puerto Rico Dairy Farmers Association ("PRDFA"). Because the PRDFA has failed to elucidate clearly a likelihood of success on the merits or looming irreparable harm, the motion is **DENIED.** (Emphasis on the original).

On November 8, 2013, Suiza filed a *Notice of Appeal* as to the *Order* of even date and entered under Docket No. 2356, USCA Case No. 13–2414. The *Order* of November 8, 2013, Docket No. 2356, reads in its relevant part:

> not a signatory party to the *Final Settlement Agreement.* Notwithstanding, the PRDFA is undoubtedly an important part of the Puerto Rico Milk Industry. After the final judgment was entered, on November 7, 2013, the PRDFA moved to stay the judgment pending appeal, Docket No. 2353. The record shows that the PRDFA reiterated and renewed its request to stay the relief granted by the Court several times after the entry of the *Amended Order and Judgment.*

A partial stay and a temporary restraining order is granted to maintain the status quo of Regulation No. 12, particularly as to biweekly milk liquidation, which was in effect prior to the Settlement Agreement. However, the stay does not apply to the payment of damages to Vaquería Tres Monjitas, Inc. and Suiza Dairy, Inc., as agreed by the parties in the Settlement Agreement. A separate order will follow.

The First Circuit entered an *Order of Court* in USCA Case No. 13–2414, which reads in its relevant part:

> This matter is before the court on the "Emergency Motion Requesting That Temporary Restraining Order Be Vacated" filed by Appellant Suiza Dairy, Inc. ("Suiza"). We have construed the motion as an emergency motion to stay, and, because Suiza has failed to elucidate clearly a likelihood of success on the merits or looming irreparable harm, the motion is DENIED. (Emphasis on the original).

The record of Suiza's appeal, USCA Case No. 13–2414 shows that on November 13, 2013, the Court entered an *Order of Court,* which reads in its relevant part: "The jurisdictional argument included in Appellant's [Suiza] November 12, 2013 status report is reserved for consideration by the merits panel, and, to the extent Appellant wishes to pursue the argument, it should be included in Appellant's brief." However, the record shows that the USCA Case No. 13–2414 was eventually dismissed, *see Judgment* and *Mandate,* Docket entries No. 2434 and 2458.

The Court is cognizant that both the defendants and INDULAC also appealed the *Amended Order and Judgment* of November 7, 2013, Docket No. 2354. The defendants filed their *Notice of Appeal* on December 6, 2013, Docket No. 2413, USCA Case No. 13–2517. On January 28, 2014,

INDULAC filed its *Notice of Appeal,* Docket No. 2459, USCA No. 14–1132.

The First Circuit will hear oral arguments on the appeals filed by the PRDFA and the defendants next March 4, 2014.

### Applicable Law and Discussion

"A stay is not a matter of right even if irreparable injury might otherwise result." *Virginian R.C. v. United States,* 272 U.S. 658, 672, 47 S.Ct. 222, 71 L.Ed. 463 (1926), quoted in *Nken v. Holder,* 556 U.S. 418, 433–434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009).

In *Nken v. Holder,* 556 U.S. 418, 433–434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009), the Court held:

> "A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian [R.C. v. United States,]* 272 U.S. [658,] 672, 47 S.Ct. 222[, 71 L.Ed. 463 (1926)]. It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.,* at 672–673, 47 S.Ct. 222; *see Hilton [v. Braunskill,* 481 U.S. 770,] 777, 107 S.Ct. 2113[, 95 L.Ed.2d 724 (1987)] ("[T]he traditional stay factors contemplate individualized judgments in each case"). **The party requesting the stay bears the burden of showing that the circumstances justify an exercise of that discretion.** [*See* the collection of cases cited therein, citations omitted].
>
> The fact of the issuance of a stay is left to the court's discretion "does not mean that no legal standard governs that discretion.... '[A] motion to [a court's] discretion is a motion, not its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (quot-

ing *United States v. Burr*, 25 F.Cas. 30, 35 (No. 14,692d) (CC Va.1807) (Marshall, C.J.)). As noted earlier, those legal principles have been distilled into consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Hilton*, [481 U.S.] at 776, 107 S.Ct. 2113. **There is a substantial overlap between these and the factors governing preliminary injunctions,** *see Winter v. Natural Resources Defense Council, Inc.*, **555 U.S. 7, [22–23], 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined.**

The first two factors of the traditional standard are the most critical. It is not enough that the chance of success on the merits be "better than negligible." *Sofinet v. INS*, 188 F.3d 703, 707 [ (7th Cir.1999) ] (internal quotation marks omitted). (Emphasis ours).

On November 22, 2014, the Court held an evidentiary hearing to consider whether an extension of the Temporary Restraining Order requested by the PRDFA and issued on November 8, 2013, Docket No. 2363, was warranted. After receiving the evidence submitted by the parties, the Court determined that there was no reason to continue the stay of the judgment under Rule 62(c) of the Federal Rules of Civil Procedure. *See Order* of November 22, 2013, Docket No. 2388. The Court further determined that there was no irreparable harm, as a perusal of the *Final Settlement Agreement* filed by the parties

on October 29, 2013, Docket No. 2322, shows that "the farmers shall have a net compensation of 80 cents per quart of milk." *See* Docket No. 2322–1, Regulation No. 12, page 3, which is incorporated to the *Final Settlement Agreement*. *See also Order* of November 22, 2013, Docket No. 2388. In sum, the wording of Regulation No. 12 agreed upon by the parties is clear. Regulation No. 12, Docket No. 2322–2, page 3, provides in its relevant part:

[Se dispone además que el Gobierno entregará a los ganaderos un incentivo adicional por cuartillo de $0.04 para compra de alimentos. Del precio a pagarse al ganadero por la leche cruda para procesar leche fluída u otros productos lácteos se le descontará de su liquidación únicamente un cargo por transporte equivalent a $0.025. Este sería el único cargo a ser descontado al ganadero. Esta orden deja sin efecto las órdenes administrativas del 19 de julio de 2007 y del 29 de febrero de 2008 que establecían cargos adicionales pagaderos de la compensación del ganadero. De esta forma el ganadero tendrá una compensación neta de $0.80 por cuartillo.]

It is also ordered that the government grant the dairy farmers an additional $0.04 incentive per quart for the purchase of feed. Of the price to be paid to the dairy farmers for the raw milk to process fluid milk or other milk products there will only be a transportation fee of $0.025 to be subtracted from the liquidation. This would be the only fee to be charged to the dairy farmer. This order overrides the administrative orders of July 19, 2007 and February 29, 2008 that mandated additional fees to be paid from the compensation to the dairy farmers. This way the dairy farmer will benefit from a net compensation of $0.80 per quart. (Translation).

■ After considering the parties' arguments and the evidence on the record, the Court finds that the PRDFA failed to show irreparable harm based on these premises: (1) the *Final Settlement Agreement* executed by the Government, Suiza and Vaquería Tres Monjitas, Inc. ("VTM"), provides for a net payment to the dairy farmers of $0.80 per quart of milk, *see* Docket No. 2322 and 2322–1, page 3; (2) in the event that the moneys received by the PRDFA and/or the dairy farmers are insufficient to cover the necessary operational expenses, the Governor of Puerto Rico (hereinafter the "Governor") has guaranteed a subsidy to the dairy farmers until the economic study of the Puerto Rico Milk Industry to be conducted by the Government is finalized, *see Opinion and Order* of December 30, 2013, 2013 WL 7046411, Docket No. 2456, and the Official Press Release issued by Fortaleza, *Governor Reaches Agreement with Dairy Farmers,* dated December 18, 2013,[2] Docket No. 2456–1; and (3) every time that ORIL increases the price of the fresh milk, the statistics show that the dairy farmers are benefitted over the fresh milk processors, *see* Docket No. 2378, and the charts attached thereto issued by the Milk Industry Regulation Office ("ORIL").

Furthermore, the record shows that the dairy farmers have already used over $300,000.00 from the fund assigned to them under the *Final Settlement Agreement. See Informative Motion* of January 3, 2014, filed by Suiza, Docket No. 2457.

"In other words, it is the FEP, Inc. and Indulac anti-injunction attitude that is depressing the compensation of the dairy farmers. As of today, the reality of the case from the beginning has not changed; **the farmers are determining their own compensation by having the entities under their control (Indulac and FEP, Inc.) underpaid for the same raw milk destined for fluid milk purposes.**" (Emphasis ours). *See* Docket No. 2457, ¶ 6, page 4. The record shows that, as of this date, Suiza's *Informative Motion,* Docket No. 2457, stands uncontested by the PRDFA. Because the *Final Settlement Agreement* ending the instant case guarantees a net payment of $0.80 per quart of milk to the farmers, and the Governor has agreed to finance any deficiency short of $0.80 per quart of milk, the PRDFA has no irreparable damages warranting a stay pending appeal.[3]

Finally, there is no likelihood of success as there are no damages. *Nken v. Holder,* 556 U.S. at 433–434, 129 S.Ct. 1749.

### A Final Note

Lastly, it is the Governor who establishes the government's public policy,[4] and not the dairy farmers. In the instant case, the *Final Stipulation Agreement* is pellucid in avoiding an increase in the price of fresh milk at least for the next four years. "The milk price will not increase during the next four years, unless the present market conditions change substantially." *See Final Settlement Agreement,* Docket No. 2322, ¶ 7, page 3.

---

2. The Court can take judicial notice of an unquestioned economic event, which has been reprinted in internet articles describing or confirming the event, or other information, such as, published governmental statistics. *Chhetry v. U.S. Department of Justice,* 490 F.3d 196 (2d Cir.2007). *See also O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1224–1225 (10th Cir.2007).

3. Irreparable damages are required as one of the criteria when considering stay pending appeal, *see Nken v. Holder,* 556 U.S. at 433–434, 129 S.Ct. 1749.

4. "Where the public interest lies" constitutes one of the criteria that the Court must consider in determining the granting of the stay. *See Nken v. Holder,* 556 U.S. at 433–434, 129 S.Ct. 1749.

Furthermore, the Governor has clearly and publicly informed his decision to finance the deficiencies that both the dairy farmers and the milk processors may have. As to the fresh milk processors, the *Final Settlement Agreement* which ended the case provides for governmental financial payments to the fresh milk processors and no increase in the price of fresh milk during the next four years. *See* Docket No. 2322, ¶ 7, page 3. As to the dairy farmers, the Governor has ordered a study of the industry and has agreed to finance any deficiency below the net payment of $0.80 per quart of milk until the final economic study is produced, scheduled now for early March 2014, *see infra.*

The Court finds that the public policy established by the Governor to protect and preserve the Puerto Rico Milk Industry, is reasonable. The Court cannot intervene with the public policy established by the Governor. The public policy established by the Governor is directed to protect the local industry without offending the Dormant Commerce Clause. The execution of the *Final Settlement Agreement* is the perfect example of the Governor's current public policy regarding the Puerto Rico Milk Industry.

█ Further, at most the PRDFA is suffering a temporary economic loss which is not sufficient to issue an injunction or a temporary stay, as the criteria is the same for both the issuance of an injunction and the issuance of a stay pending appeal. "A temporary loss of income which may be recovered later does not usually constitute irreparable injury." *Gately v. Com. of Massachusetts*, 2 F.3d 1221, 1232 (1st Cir. 1993). In *Matos ex rel. Matos v. Clinton School District*, 367 F.3d 68, 73 (1st Cir. 2004), the Court held:

> A preliminary injunction should not issue except to prevent a real threat of harm. *Ross–Simons [of Warwick, Inc.,*

*et al. v. Baccarat, Inc.,]* 102 F.3d 12[, 19 (1st Cir.1996)]; 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2948.1, at 153–54 (2d ed.1995). A threat that is either unlikely to materialize or purely theoretical will not do. *Ross–Simons*, 102 F.3d at 19; *Pub. Serv. Co. v. Town of W. Newbury*, 835 F.2d 380, 382 (1st Cir.1987). An imminent threat that evidence will be lost is one thing—but a claimed threat, unaccompanied by any showing of reasonable grounds for believing that the evidence in question is imperilled, is insufficient to warrant the entry of a prophylactic injunction. *Humble Oil & Ref. Co. v. Harang*, 262 F.Supp. 39, 42–43 (E.D.La. 1966). **Preliminary injunctions are strong medicine, and they should not issue merely to calm the imaginings of the movant.** (Emphasis ours).

### *Conclusion*

In view of the foregoing, the following motions are: (a) *Renewed Motion for Stay of Judgment in Compliance with Court Order* filed by the Puerto Rico Dairy Farmers Association ("PRDFA"), Docket No. 2390, is DENIED; (b) *Response in Opposition to "Renewed Motion for Stay of Judgment in Compliance with Court Order" (Dkt. No. 2390)* filed by Suiza Dairy, Inc. ("Suiza"), Docket No. 2394, is NOTED; (c) *The PRDFA's Motion Supplementing Renewed Motion for Stay of Judgment Pending Appeal*, Docket No. 2419, is NOTED; (d) *PRDFA's Second Motion Supplementing Renewed Motion for Stay of Judgment Pending Appeal*, Docket No. 2443, is NOTED; (e) *Response in Opposition to "PRDFA's Second Motion Supplementing Renewed Motion for Stay of Judgment Appeal" (Dkt. No. 2443)* filed by Suiza, Docket No. 2455, is NOTED.

The Clerk shall notify a copy of this *Opinion and Order* to the Appeals' Clerk, as oral arguments are set for March 4, 2014.

IT IS SO ORDERED.