PER CURIAM Opinion; Dissent by Judge RAWLINSON.
OPINION
PER CURIAM:
This interlocutory appeal arises from an action instituted in the district court to stop the government from rounding up, destroying, and auctioning off wild horses and burros in the Twin Peaks Herd Management Area on the California-Nevada border. Plaintiffs allege that the government’s actions will violate the Wild Free-Roaming Horses and Burros Act (“Wild Horses Act”), 16 U.S.C. § 1331 et seq., and the National Environmental Policy Act (“NEPA”), 42 U.S.C. § 4321 et seq.
Plaintiffs are two non-profit organizations dedicated to protecting wild horses and burros, In Defense of Animals and Dreamcatcher Wild Horse and Burro Sanctuary, as well as members of these organizations, Barbara Clarke, Chad Hanson, and Linda Hay (collectively “Plaintiffs”). Plaintiffs filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction on August 5, 2010 to stop the roundup of horses that was scheduled to begin August 9, 2010 and to last 45-60 days. The district court denied the injunction, a motions panel at this court denied an emergency motion for injunctive relief pending appeal on August 10, 2010, and the roundup has now taken place. The horses are currently offsite and the remainder of the plan is apparently going forward.
Plaintiffs’ motion raises serious legal questions concerning whether the large-scale removal of horses conflicts with the Wild Horses Act and whether an Environmental Impact Statement is required before any action can be implemented. The motion for preliminary injunction sought to enjoin only the effects of implementing the initial phase. The motion for preliminary injunction sought to “preserve the status quo,” i.e. enjoin the Twin Peaks Roundup of over 2,000 wild horses and 200 burros. Significantly, plaintiffs’ motion alleges that the “irreparable harm” to plaintiffs will flow from the proposed “illegal roundup.”
The initial stage of the plan has, however, now concluded and the roundup has taken place. This appeal, therefore, is moot. We reached the same conclusion in a similar case. Am. Horse Prot. Ass’n, Inc. v. Watt, 679 F.2d 150, 151 (9th Cir. 1982) (noting that the court “cannot order [the completed roundup’s] effects undone”). We express no opinion here as to whether the entire action is moot. It remains pending before the district court.
The dissent appears to construe our holding to be that plaintiffs’ case is moot. This is incorrect. We hold only that this interlocutory appeal from the denial of a preliminary injunction is moot because the roundup sought to be enjoined has taken place. In the event that plaintiffs prevail on the merits of their claims, the district court should consider what relief is appropriate.
The posture of this case is similar to that in Animal Legal Defense Fund v. Shalala, 53 F.3d 363 (D.C.Cir.1995), where the action that the plaintiff sought to preliminarily enjoin had already occurred. Id. at 366. In dismissing the appeal, the court said that the “parties no longer have a legally cognizable interest in the determination of whether the preliminary injunction was properly denied.” Id. It then went on to say that “the underlying dispute ... remains alive.” Id. The same is true, insofar as the record before us reflects in this case.
*1014 This appeal must be dismissed. Any further appeals in the underlying action shall be expedited and calendared before this panel.
DISMISSED.