**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL and JOAN WHIPPLE, as Successor-In-Interest, | No. 14-55113 |
| Plaintiffs - Appellants, | D.C. No. 8:13-cv-01989-JVS-AN |
| v. | MEMORANDUM[*] |
| LAWRENCE P. RUDOLPH, Dr., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted November 17, 2014
Pasadena, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and PONSOR, Senior District Judge.[**]

Safari Club International ("SCI") and Joan Whipple, successor-in-interest to

John Whipple, appeal the district court's denial of their application for preliminary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael A. Ponsor, Senior District Judge for the U.S. District Court for Massachusetts, sitting by designation.

injunctive relief. In that application, they sought to enjoin Dr. Lawrence P. Rudolph from disseminating a video he made—unbeknownst to John Whipple—of a lunch conversation between the two on February 20, 2013. We have jurisdiction pursuant to 28 U.S.C.§ 1292(a)(1), and we affirm.

We disagree with Rudolph's contention that this appeal is moot. Rudolph contends that because he already posted the video on YouTube, dissemination of the video has already occurred. However, unlike in *In Defense of Animals v. U.S. Dept. of Interior*, 648 F.3d 1012 (9th Cir. 2011) (per curiam), the case on which Rudolph relies, there remains activity to be enjoined. For example, Rudolph could be required to remove the YouTube post, and discontinue any further efforts to disseminate the video. That Rudolph "has no control over, or even knowledge of, other copies that may have been shared or disseminated," does not change this result; his conduct may be enjoined, and further dissemination of the video by Rudolph may be prevented.

Turning to the merits of this appeal, the district court did not abuse its discretion in denying SCI and Whipple's application for a preliminary injunction. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1157 (9th Cir. 2007). SCI and Whipple failed to establish a likelihood of success on the merits of their claim arising under Cal. Pen. Code § 632(a), a likelihood of irreparable harm if injunctive

relief were not granted, that the balance of the hardships tipped in their favor, and that an injunction would be in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). First, while SCI and Whipple may be able to show at trial that they had an objectively reasonable expectation of privacy for their restaurant conversation, the matter is not so clear that, applying the deferential standard of review appropriate to a preliminary injunction appeal, we may override the district court. "A preliminary injunction is not a preliminary adjudication on the merits." *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1234 (9th Cir. 1999). Second, SCI and Whipple neither identify any particular irreparable harms which they contend they will suffer without injunctive relief, nor demonstrate that the balance of the equities tips in their favor. *Caribbean Marine Servs. Co., Inc., v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009), *quoting L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980). Instead, they rely solely on their argument that the video was made in violation of § 632(a) to support their claim that the second and third *Winter* factors favor them. Finally, SCI and Whipple fail to demonstrate that the public interest would be served by injunctive relief, *Stormans*, 586 F.3d at 1138-39; as with the prior two factors, their

argument is premised on the video having been made in violation of § 632(a), the likelihood of which they have failed to demonstrate.

**AFFIRMED.**