**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KELI'I AKINA; KEALII MAKEKAU; JOSEPH KENT; YOSHIMASA SEAN MITSUI; PEDRO KANA'E GAPERO; MELISSA LEINA'ALA MONIZ,
*Plaintiffs-Appellants*,

v.

STATE OF HAWAII; DAVID Y. IGE, Governor; ROBERT K. LINDSEY, JR., Chairperson, Board of Trustees, Office of Hawaiian Affairs, in his official capacity; COLETTE Y. MACHADO; PETER APO; HAUNANI APOLIONA; ROWENA M.N. AKANA; JOHN D. WAIHE'E, IV; CARMEN HULU LINDSEY; DAN AHUNA; LEINA'ALA AHU ISA, Trustees, Office of Hawaiian Affairs, in their official capacities; KAMANA'OPONO CRABBE, Chief Executive Officer, Office of Hawaiian Affairs, in his official Capacity; JOHN D. WAIHE'E, III, Chairman, Native Hawaiian Roll Commission, in his official Capacity; NA'ALEHU ANTHONY; LEI KIHOI; ROBIN DANNER; MAHEALANI WENDT, Commissioners, Native Hawaiian Roll Commission, in their

No. 15-17134

D.C. No.
1:15-cv-00322-JMS-BMK

official capacities; CLYDE W.
NAMU'O, Executive Director, Native
Hawaiian Roll Commission, in his
official capacity; THE AKAMAI
FOUNDATION; THE NA'I AUPUNI
FOUNDATION; DOE DEFENDANTS,
1–50,

        *Defendants-Appellees.*

KELI'I AKINA; KEALII MAKEKAU;
JOSEPH KENT; YOSHIMASA SEAN
MITSUI; PEDRO KANA'E GAPERO;
MELISSA LEINA'ALA MONIZ,

        *Plaintiffs*,

v.

STATE OF HAWAII; DAVID Y. IGE,
Governor; ROBERT K. LINDSEY, JR.,
Chairperson, Board of Trustees,
Office of Hawaiian Affairs, in his
official capacity; COLETTE Y.
MACHADO; PETER APO; HAUNANI
APOLIONA; ROWENA M.N. AKANA;
JOHN D. WAIHE'E, IV; CARMEN
HULU LINDSEY; DAN AHUNA;
LEINA'ALA AHU ISA, Trustees,
Office of Hawaiian Affairs, in their
official capacities; KAMANA'OPONO
CRABBE, Chief Executive Officer,
Office of Hawaiian Affairs, in his
official Capacity; JOHN D. WAIHE'E,

No. 15-17453

D.C. No.
1:15-cv-00322-
JMS-BMK

OPINION

III, Chairman, Native Hawaiian Roll
Commission, in his official
Capacity; NA'ALEHU ANTHONY; LEI
KIHOI; ROBIN DANNER; MAHEALANI
WENDT, Commissioners, Native
Hawaiian Roll Commission, in their
official capacities; CLYDE W.
NAMU'O, Executive Director, Native
Hawaiian Roll Commission, in his
official capacity; THE AKAMAI
FOUNDATION; THE NA'I AUPUNI
FOUNDATION,

         *Defendants-Appellees*,

          v.

SAMUEL L. KEALOHA, JR.; VIRGIL E.
DAY; JOSIAH L. HOOHULI; PATRICK
L. KAHAWAIOLAA; MELVIN
HOOMANAWANUI, Proposed
Intervenors,

         *Movants-Appellants*.

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Argued and Submitted June 17, 2016
Honolulu, Hawaii

Filed August 29, 2016

Before: Sidney R. Thomas, Chief Judge,
and Consuelo M. Callahan and Mary H. Murguia, Circuit
Judges.

Per Curiam Opinion

---

## SUMMARY[*]

---

### Civil Rights

The panel dismissed plaintiffs' interlocutory appeal as moot and affirmed the district court's denial of a motion to intervene in a lawsuit brought by Hawaii residents who challenged efforts by a group of Native Hawaiians to establish their own government, in accordance with measures approved by the Hawaii Legislature.

Plaintiffs appealed from the district court's order denying their request for a preliminary injunction to stop activities related to the drafting and ratification of self-governance documents. The panel noted that the challenged election had been cancelled, that plaintiffs did not argue that similar elections will occur in the future, that a ratification vote on a draft constitution had not been called and that no other ratification elections were scheduled. The panel further noted that one of the defendants had dissolved as a non-profit corporation and any future election would likely be held by an entity that was not a party to this litigation. Given those changed circumstances, the panel concluded that the court

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

could not provide any effective relief sought in the preliminary injunction request. The panel held that plaintiffs' appeal did not fall within an exception to the mootness doctrine.

The panel also affirmed the district court's denial of a motion to intervene as of right in the plaintiffs' underlying lawsuit. The prospective intervenors, who qualified as Native Hawaiians under a definition that was narrower than that established by the Hawaii Legislature, sought to challenge the more liberal definition, and the creation of a Native Hawaiian government based on that definition, as well as the related expenditure of state trust funds intended to benefit Native Hawaiians. The panel held that to the extent that the proposed intervenors sought to stop the delegate and ratification elections, their appeal was moot. To the extent they sought to intervene on other grounds, the panel agreed with the district court that the prospective intervenors' interests would not, as a practical matter, be impaired or impeded as a result of the plaintiffs' litigation. The panel agreed that the proposed intervenors' claims would raise entirely different issues from those raised by the plaintiffs, and that the proposed intervenors could adequately protect their interests in separate litigation.

---

**COUNSEL**

Robert D. Popper (argued), Paul J. Orfanedes, Lauren M. Burke, and Chris Fedeli, Judicial Watch, Inc., Washington, D.C.; Michael A. Lilly, Ning Lilly & Jones, Honolulu, Hawaii; H. Christopher Coates, Law Offices of H. Christopher Coates, Charleston, South Carolina; for Plaintiffs-Appellants.

Kannon K. Shanmugam (argued), Ellen E. Oberwetter, Eli S. Schlam, and Masha G. Hansford, Williams & Connolly LLP, Washington, D.C.; Robert G. Klein, McCorriston Miller Mukai MacKinnon LLP, Honolulu, Hawaii; for Defendants-Appellees Robert K. Lindsey, Jr., Collette Y. Machado, Peter Apo, Haunani Apoliona, Rowena Akana, John D. Waihe'e IV, Carmen Hulu Lindsey, Dan Ahuna, Leina'ala Ahu Isa, and Kamana'opono Crabbe.

Donna H. Kalama (argued), Girard D. Lau, and Robert T. Nakatsuji, Deputy Attorneys General; Douglas S. Chin, Attorney General; Department of the Attorney General, Honolulu, Hawaii; for Defendants-Appellees State of Hawaii, David Y. Ige, John D. Waihe'e III, Na'alehu Anthony, Lei Kihoi, Robin Danner, Mahealani Wendt, and Clyde W. Namu'o.

David J. Minkin (argued), Troy J.H. Andrade, and Jessica M. Wan, McCorriston Miller Mukai MacKinnon LLP, Honolulu, Hawaii; for Defendant-Appellee The Na'i Aupuni Foundation.

William Meheula, Nadine Y. Ando, and Natasha L.N. Baldauf, Sullivan Meheula Lee LLLP, Honolulu, Hawaii, for Defendants-Appellees The Na'i Aupuni Foundation and The Akamai Foundation.

Walter R. Schoettle (argued), Honolulu, Hawaii, for Movants-Appellants.

Ilya Shapiro, Cato Institute, Washington, D.C.; Noel H. Johnson, Kaylan L. Phillips, and Joseph A. Vanderhulst, Public Interest Legal Foundation, Plainfield, Indiana; for

Amici Curiae American Civil Rights Union and Cato Institute.

Sam Hirsch, R. Justin Smith, Matthew R. Oakes, and Robert P. Stockman, Attorneys; John C. Cruden, Assistant Attorney General; Environment & Natural Resources Division, United States Department of Justice, Washington, D.C.; Jody A. Cummings, Scott Keep, Barbara N. Coen, and Daniel D. Lewerenz; Hilary C. Tompkins, Solicitor; Office of the Solicitor, United States Department of the Interior, Washington, D.C.; for Amicus Curiae United States.

**OPINION**

PER CURIAM:

These appeals concern recent efforts by a group of Native Hawaiians to establish their own government. The plaintiffs are Hawaii residents who challenge that process. They appeal the district court's order denying their request for a preliminary injunction to stop activities related to the drafting and ratification of self-governance documents. Separately, another group of Hawaii residents appeals the district court's denial of their motion to intervene in the plaintiffs' lawsuit. For the reasons that follow, we dismiss the plaintiffs' appeal of the preliminary injunction order as moot, and we affirm the district court's denial of the motion to intervene.

I.

In 2011, the Hawaii Legislature approved measures "to provide for and to implement the recognition of the Native Hawaiian people by means and methods that will facilitate

their self-governance." Haw. Rev. Stat. § 10H-2. The legislation contemplated that Native Hawaiians may "independently" host a convention "for the purpose of organizing themselves." *Id.* § 10H-5. The legislation also established a commission to maintain "a roll of qualified Native Hawaiians" who are descendants of the indigenous peoples who founded the Hawaiian nation. *Id.* § 10H-3.[1]

Na'i Aupuni, one of the defendants in this case, was a Hawaiian non-profit corporation that supported those Native Hawaiian self-governance efforts. In 2015, Na'i Aupuni proposed holding a constitutional convention or gathering, termed an '*Aha*,[2] to discuss and draft self-governance documents, such as a constitution. Na'i Aupuni requested and received grant funds from a state agency, the Office of Hawaiian Affairs (OHA), for the "election of delegates, election and referendum monitoring, a governance 'Aha, and a referendum to ratify any recommendation of the delegates arising out of the 'Aha." To select delegates for the

---

[1] A dispute exists over the definition of "qualified Native Hawaiian" used in the 2011 legislation. The statute at issue defines "qualified Native Hawaiian" in part as an adult "descendant of the aboriginal peoples who, prior to 1778, occupied and exercised sovereignty in the Hawaiian islands." Haw. Rev. Stat. § 10H-3(a)(2)(A)(i). That liberal definition, however, has no blood quantum requirement, unlike the admission requirements of most Native American tribes. *See Rice v. Cayetano*, 528 U.S. 495, 526–27 (2000) (Breyer, J., concurring). The prospective intervenors in this case are among those who believe the definition of Native Hawaiian should be more restrictive. In this opinion, "Native Hawaiian" refers to the definition in the 2011 legislation, unless otherwise noted.

[2] An '*Aha* is defined as a "[m]eeting, assembly, gathering, convention, court, party." Ulukau Hawaiian Dictionary, *available at* http://wehewehe.org.

convention, the organization scheduled a vote-by-mail election and limited the pool of candidates and voters to Native Hawaiians who appeared on the roll maintained by the state commission.

The delegate election was scheduled for November 1 through November 30, 2015. The elected delegates would then attend the constitutional convention to discuss forming a government, and to possibly draft a constitution. Any proposed constitution would then be subject to a ratification vote, with the universe of voters again limited to Native Hawaiians included on the roll maintained by the state commission. At the end of the process, any resulting government would lack an official legal status until it was recognized by the state or federal government.

In August 2015, three months before the planned delegate election, the plaintiffs sued the State of Hawaii, various state government officers and agencies, Naʻi Aupuni, and another non-profit organization that was a party to the agreement that provided state funds for Naʻi Aupuni's election efforts. Central to the lawsuit was the contention that the delegate election and any election to ratify a constitution were unconstitutional because the state was intertwined in the process and had limited participation based on Hawaiian ancestry. The complaint specifically alleged various violations of the United States Constitution and Voting Rights Act arising from the race-based and viewpoint-based restrictions on voting and candidate eligibility. Among the requested relief, the plaintiffs sought an injunction to prevent the use of the contested roll of Native Hawaiians and "the calling, holding, or certifying of any election utilizing the Roll." The complaint further asked the court to "enjoin[] the defendants from requiring prospective applicants for any

voter roll to" make any viewpoint-based declarations or verify their ancestry.

Approximately two weeks after filing the complaint, the plaintiffs moved for a preliminary injunction to "prevent[] Defendant's [sic] from undertaking certain voter registration activities and from calling or holding racially-exclusive elections for Native Hawaiians." A month later, on September 25, 2015, a separate group of Hawaii residents moved to intervene in the lawsuit to challenge the definition of "Native Hawaiian" adopted by Na'i Aupuni and the 2011 state legislation. The residents also sought to recover state trust funds—designated to benefit Native Hawaiians—used in the election efforts.

The district court denied the preliminary injunction request after concluding that the plaintiffs had not met any of the requirements described in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). The district court later denied the motion to intervene, reasoning that the prospective intervenors did not have a "significantly protectable interest relating to" the subject of the plaintiffs' lawsuit, and that they were not "situated such that the disposition of the" lawsuit "may impair or impede" their ability to protect any such interest, quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

The plaintiffs appealed the district court's preliminary injunction order and sought an injunction pending appeal from this court. A motions panel denied the request for an injunction pending appeal. On November 27, 2015, three days before voting in the delegate election was to end, Justice Kennedy enjoined the counting of ballots and certification of winners "pending further order." *Akina v. Hawaii*, — S. Ct.

—, 193 L. Ed. 2d 420 (Nov. 27, 2015) (mem.). On December 2, 2015, a five-Justice majority of the Supreme Court enjoined the defendants "from counting ballots cast in, and certifying winners of, the election described in the application, pending final disposition of the appeal by" this court. *Akina v. Hawaii*, 136 S. Ct. 581 (2015) (mem.).

Two weeks after the Supreme Court's order, Na'i Aupuni cancelled the election due to concern about litigation-related delays. Instead of the election, the organization decided to offer all 196 Native Hawaiian candidates "a seat as a delegate" to the convention "to learn about, discuss and hopefully reach a consensus on a process to achieve self-governance." The plaintiffs then filed a motion for civil contempt in the Supreme Court, alleging that Na'i Aupuni's decision essentially declared all the candidates winners, in violation of the Court's previous order. The Supreme Court denied the contempt motion. *Akina v. Hawaii*, 136 S.Ct. 922 (2016) (mem.).

The '*Aha* took place in February 2016, resulting in a proposed constitution for a Native Hawaiian government. Na'i Aupuni, however, decided not to fund a ratification vote and stated that it would return remaining grant funds allocated for the ratification election. No other elections have been proposed and no governing entity has been formed or recognized by the state or federal government.

In April 2016, Na'i Aupuni dissolved as an entity. Although it appears that some '*Aha* participants are separately trying to organize and raise private funds for a ratification vote, it remains unclear what such an election would look like, who would hold it, and when it would take place, if at all.

II.

On appeal, the plaintiffs challenge the district court's order denying their request for a preliminary injunction. The prospective intervenors challenge the denial of their motion to intervene. We consider each in turn.

A.

This court has jurisdiction under 28 U.S.C. § 1292 to review the district court's denial of preliminary injunctive relief. The court, however, has no jurisdiction over an appeal that has become moot. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003).

An interlocutory appeal of the denial of a preliminary injunction is moot when a court can no longer grant any effective relief sought in the injunction request. *See In Def. of Animals v. U.S. Dep't of Interior*, 648 F.3d 1012, 1013 (9th Cir. 2011) (per curiam); *see generally Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). The interlocutory appeal may be moot even though the underlying case still presents a live controversy. *In Def. of Animals*, 648 F.3d at 1013; *see also CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 48 F.3d 618, 621 (1st Cir. 1995).

Here, the plaintiffs sought a preliminary injunction solely to "prevent[] Defendant's [sic] from undertaking certain voter registration activities and from calling or holding racially-exclusive elections for Native Hawaiians." Before the district court, the plaintiffs focused their injunction request on the delegation election. That election, however, has been cancelled, and the plaintiffs do not argue that similar elections will occur in the future. Instead, the plaintiffs argue

on appeal that the injunction should encompass a ratification vote on the draft constitution produced at the '*Aha*. Na'i Aupuni, however, has decided not call a ratification vote. No other ratification elections have been scheduled. Further, Na'i Aupuni itself has dissolved as a non-profit corporation and any future election would likely be held by an entity that is not a party to this litigation. Given those changed circumstances, this court cannot provide any effective relief sought in the preliminary injunction request.

We also conclude that the plaintiffs' appeal does not fall within an exception to the mootness doctrine. Under the voluntary cessation exception, a defendant's decision to stop a challenged practice generally "does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)); *see also Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) (remarking that post-appeal "maneuvers designed to insulate a decision from review by [an appellate court] must be viewed with a critical eye"). But even in such circumstances, an appeal may be properly dismissed as moot if events make "it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 189 (citing *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)). Here, for the reasons previously discussed, the defendants have met their burden to convince "the court that the challenged conduct cannot be reasonably expected to start up again." *Id*.

It is possible, and perhaps even likely, that a different group of individuals who are not parties to this case will try

to hold a ratification election with private and public funds. No such vote, however, has been scheduled, and it is unclear what shape it would take. Any opinion by this court at this juncture would amount to an impermissible advisory opinion that would, at most, guide any future ratification efforts. *See Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982) (per curiam) ("We do not sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before us.").

For similar reasons, this appeal does not fall within the exception to mootness for disputes that are "capable of repetition, yet evading review." *Weinstein v. Bradford*, 423 U.S. 147, 148–49 (1975) (per curiam). That exception is reserved for "'extraordinary cases' in which (1) 'the duration of the challenged action is too short to be fully litigated before it ceases,' and (2) 'there is a reasonable expectation that the plaintiffs will be subjected to the same action again.'" *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999) (en banc) (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1124 (9th Cir. 1997)); *accord United States v. Juvenile Male*, 564 U.S. 932, 938 (2011) (per curiam).

Here, the plaintiffs cannot satisfy the second requirement. There is no reasonable expectation that the plaintiffs will be subject to the same injury again, given Na'i Aupuni's disavowal of any election. Further, the district court retains jurisdiction over the underlying lawsuit, and dismissing the preliminary injunction appeal will not, by itself, insulate the defendants' practices from judicial scrutiny.[3]

---

[3] We pass no judgment on what aspects of the plaintiffs' lawsuit continue to present a live controversy.

We therefore dismiss the plaintiffs' interlocutory appeal as moot.

## B.

We separately affirm the district court's denial of the motion to intervene as of right in the plaintiffs' underlying lawsuit. The prospective intervenors qualify as Native Hawaiians under a definition that is narrower than the one in the 2011 legislation. They seek to challenge the more liberal definition, the creation of a Native Hawaiian government based on that definition, and the related expenditure of state trust funds intended to benefit Native Hawaiians.

This court conducts a de novo review of the district court's order adjudicating a claim of intervention as of right. *Arakaki*, 324 F.3d at 1082. To the extent that the proposed intervenors seek to stop the delegate and ratification elections, their appeal is moot for the reasons previously discussed. To the extent that they seek to intervene on other grounds—such as to recover state funds already spent on election efforts—we hold that the district court did not err by denying the motion to intervene.

Under Federal Rule of Civil Procedure 24(a), an individual seeking to intervene as of right must (1) timely move to intervene; (2) demonstrate "a significantly protectable interest relating to the property or transaction that is the subject of the action"; (3) "be situated such that the disposition of the action may impair or impede the party's ability to protect that interest"; and (4) not be adequately represented by existing parties. *Id.* at 1083. The question of whether protectable interests will be impaired by litigation "must be put in practical terms rather than in legal terms."

7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1908.2 (3d ed. 2007); *see also Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir. 1969) ("The decision whether intervention of right is warranted . . . involves an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending.").

We agree with the district court that the prospective intervenors' interests would not, as a practical matter, be impaired or impeded as a result of the plaintiffs' litigation. The district court properly reasoned that the prospective intervenors' claims would raise entirely different issues from those raised by the plaintiffs, and that the proposed intervenors could adequately protect their interests in separate litigation. Whereas the plaintiffs argue that the state is being too restrictive in limiting participation in the formation of a Native Hawaiian government, the proposed intervenors would argue that the state should be *more* restrictive. Further, as the district court noted, the prospective intervenors' challenge to the expenditure of state trust funds would "expand the suit well beyond the scope of the current action." *See Arakaki*, 324 F.3d at 1086 (holding that a prospective intervenor was "not permitted to inject new, unrelated issues into the pending litigation"). Regardless of how the plaintiffs' lawsuit is resolved, the prospective intervenors will remain free to attempt to organize a native government based on the narrower definition of Native Hawaiian, and then seek state and federal recognition. Further, the prospective intervenors may bring a separate action challenging the expenditure of trust funds, just as they have done previously in analogous contexts. *See Day v. Apoliona*, 616 F.3d 918, 927 (9th Cir.

2010) (holding that the OHA could legally use trust money to support legislation that defined "Native Hawaiian" without a blood quantum requirement); *Kealoha v. Machado*, 315 P.3d 213, 229–30 (Haw. 2013) (upholding the dismissal of the prospective intervenors' claim that OHA's expenditure of trust funds for the benefit of a broader set of "Native Hawaiians" was a breach of fiduciary duty).

We therefore affirm the district court's order denying intervention as of right.

### III.

For the aforementioned reasons, we **DISMISS** the plaintiffs' interlocutory appeal as moot and **AFFIRM** the district court's denial of the motion to intervene.