**NOT FOR PUBLICATION**

FILED

APR 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN HELLERSTEIN; et al., | No. 15-17421 |
| Plaintiffs-Appellees, | D.C. No. 2:15-cv-01804-RFB-CWH |
| SILVERSTONE RANCH COMMUNITY ASSOCIATION, a Nevada non-profit corporation, | |
| Intervenor-Plaintiff-Appellee, | MEMORANDUM[*] |
| v. | |
| DESERT LIFESTYLES, LLC, a California limited liability company and WESTERN GOLF PROPERTIES, LLC, a California limited liability company, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, District Judge, Presiding

Argued and Submitted March 15, 2017
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  WARDLAW, GOULD, and CALLAHAN, Circuit Judges.

The Silverstone Ranch Community is a planned community located in Las Vegas, Nevada, comprised of some 1,520 homes built around a 27-hole golf course ("Golf Course").  Silverstone Ranch Community homeowners originally filed suit against Desert Lifestyles, LLC, and Western Golf, LLC (collectively, "Defendants"), in Nevada state court, seeking to enjoin Defendants from intentionally destroying the Golf Course.[1]  Defendants removed the case to federal court, asserting diversity jurisdiction.  The district court subsequently granted a preliminary injunction requiring Defendants "to maintain the Golf Course in the condition it would have been in had it been continuously watered and maintained as of September 1, 2015 . . . ."  Defendants filed an interlocutory appeal from that order.  Defendants then sold the Golf Course to Stoneridge Parkway, LLC, which is not a party to this appeal.

1.      A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  This occurs "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  *Knox v. Serv. Emps.*,

---

[1] The Silverstone Ranch Community Association filed a complaint-in-intervention.

567 U.S. 298, 132 S. Ct. 2277, 2287 (2012) (internal quotation marks omitted). An appeal from the denial of a preliminary injunction "is moot when a court can no longer grant any effective relief sought in the injunction request." *Akina v. Hawaii*, 835 F.3d 1003, 1010 (9th Cir. 2016) (citing *In Def. of Animals v. U.S. Dep't of Interior*, 648 F.3d 1012, 1013 (9th Cir. 2011) (per curiam); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016)). An "interlocutory appeal may be moot even though the underlying case still presents a live controversy." *Id.* (citing *In Def. of Animals*, 648 F.3d at 1013; *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 48 F.3d 618, 621 (1st Cir. 1995)).

Defendants' appeal is moot. Defendants no longer have an interest in the property, and cannot maintain the Golf Course in any condition whatsoever. An order affirming or reversing the preliminary injunction order would have no effect on the parties' legal rights *vis-à-vis* each other. We lack jurisdiction over a moot appeal, *id.*, and therefore dismiss.

2. Defendants contend that a live issue remains as to whether the district court has subject matter jurisdiction over this case, which would render the injunction invalid and would bear on the contempt and fee motions pending before the district court. But "a challenge to subject matter jurisdiction is not appealable

3

before trial," *United States v. Layton*, 645 F.2d 681, 683 (9th Cir. 1981), and the contempt and fee motions do not turn on the validity of the preliminary injunction.

3. We note, however, that there is a serious question as to whether the requirements for diversity jurisdiction are satisfied. It is not facially apparent from the complaint that the parties were completely diverse at the time of removal. Nor is there adequate evidence in the record for us to make this determination. Because we are unable to resolve this issue, we "leave it to the district court to conduct the proceedings and consider the evidence it deems appropriate" to do so. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

**DISMISSED.**[2]

---

[2] The Request for Judicial Notice filed by the Silverstone Ranch Community Association is DENIED as moot.