**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STATE OF NEVADA,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA; U.S. DEPARTMENT OF ENERGY; RICK PERRY, in his official capacity as Secretary of Energy; NATIONAL NUCLEAR SECURITY ADMINISTRATION; LISA E. GORDON, in her official capacity as Administrator of the National Nuclear Security Administration and Undersecretary for Nuclear Security,<br><br>Defendants-Appellees,<br><br> and<br><br>STATE OF SOUTH CAROLINA,<br><br>Intervenor-Defendant-Appellee. | No. 19-15202<br><br>D.C. No.<br>3:18-cv-00569-MMD-CBC<br><br>ORDER* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 9, 2019[]
San Francisco, California

Before:  HAWKINS, McKEOWN, and BENNETT, Circuit Judges.

The State of Nevada ("Nevada") appeals the district court's order denying its motion for a preliminary injunction to stop the government from shipping plutonium from the Savannah River Site in South Carolina to the Nevada National Security Site ("NNSS"). Because the government has completed the shipments, we dismiss this appeal as moot.

In 2017, the U.S. District Court for the District of South Carolina ordered the government to comply with certain statutory obligations and remove one metric ton of defense plutonium from government facilities in that state. *See South Carolina v. United States*, 243 F. Supp. 3d 673 (D.S.C. 2017), *aff'd*, 907 F.3d 742 (4th Cir. 2018) (the "South Carolina Order"). The government proposed shipping the plutonium to the NNSS as well as a site in Texas ("the proposed action") to comply with the South Carolina Order.

In November 2018, Nevada sued challenging the proposed action, alleging that the government breached its obligations under the National Environmental Policy Act, 42 U.C.S. §§ 4321, *et seq*. Nevada moved to "preliminarily enjoin[] Defendants . . . from shipping (or directing any other entity to ship) all or any part

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the one metric ton . . . of plutonium [under the proposed action] . . . from DOE's Savannah River Site (SRS) which is located in the State of South Carolina, in and through Nevada to the DOE's Nevada Nuclear Security Site (NNSS)[.]" Nevada did not seek any other type of preliminary injunctive relief.

The government had already shipped one-half metric ton of plutonium from South Carolina to the NNSS before Nevada filed its complaint or motion for a preliminary injunction. Nevada did not know this non-public information when it filed. The government represented that it has completed all shipments of plutonium from South Carolina to the NNSS under the proposed action, and that any plutonium remaining in South Carolina will be shipped to other facilities in other states.

The government argued below that the preliminary injunction request was moot because it had completed all proposed shipments of plutonium from South Carolina to Nevada. The government argues this appeal is moot for the same reason. We agree.

"The Constitution limits Article III federal courts' jurisdiction to deciding 'cases' and 'controversies.'" *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 835 (9th Cir. 2012) (quoting U.S. Const. art. III, § 2). "Mootness, like the related doctrine of standing, restricts judicial power to the decision of cases and controversies, so that our elected government retains the

general power to establish social policy." *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-61 (1992)). The Supreme Court has "repeated[ly]" described mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)).[1]

"[A] suit becomes moot when 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). We look to whether the parties still have a "concrete interest, however small, in the outcome of the litigation." *Id.* at 172 (quoting *Knox v. Serv. Emps. Int'l Union*, 567 U.S. 298, 307 (2012)). If it has become impossible for us to grant "any effectual relief whatever," then the case has become moot. *Knox*, 567 U.S. at 307 (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)); *see also Am.*

---

[1] The shipment of plutonium had taken place when Nevada moved for the preliminary injunction. Thus, Nevada likely lacked standing to request the preliminary injunctive relief it sought below. But even "preliminarily" assuming standing, this appeal is clearly moot. *See Arizonans*, 520 U.S. at 66 (following the established practice of assuming standing to analyze mootness "as a preliminary matter").

*Tunaboat Ass'n v. Brown*, 67 F.3d 1404, 1407 (9th Cir. 1995) ("We cannot take jurisdiction over a claim as to which no relief can be granted.").

Here, the shipment of plutonium from South Carolina to Nevada was the "target" of the preliminary injunction, and that shipment took place before this lawsuit was even filed. The remedy Nevada sought—stopping the government from shipping plutonium from South Carolina to Nevada under the proposed action—is no longer available.

Contrary to Nevada's argument, this is not a case that has become moot because of the government's "voluntary cessation" of the challenged conduct. *See Laidlaw*, 528 U.S. at 174 ("A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case."). Rather, the government completed the shipment from South Carolina to the NNSS. *See DeFunis*, 416 U.S. at 318 (holding that the "voluntary cessation" exception to mootness did not apply since mootness resulted from the fact the alleged injury was no longer redressable, not because the defendant choose to stop the allegedly illegal conduct); *see also In Def. of Animals v. U.S. Dep't of Int.*, 648 F.3d 1012, 1013 (9th Cir. 2011) (per curiam) (holding preliminary injunction appeal moot where action to be enjoined had taken place). Here, as in *Defense of Animals*, "the parties no longer have a legally cognizable interest in the determination of whether the preliminary injunction was properly denied." *Id.* (quoting *Animal Legal Def.*

*Fund v. Shalala*, 53 F.3d 363 (D.C. Cir. 1995)).

We also disagree with Nevada's contention that the appeal is not moot because the district court could order the government to *remove* the plutonium that it already shipped to the NNSS. Nevada did not seek removal of the plutonium in its motion for a preliminary injunction. Because the government completed the shipment, any harm caused by the shipment cannot be "undone" by granting the motion Nevada actually filed. *Am. Horse Prot. Ass'n, Inc. v. Watt*, 679 F.2d 150, 151 (9th Cir. 1982) (per curiam). The appeal of the denial of the preliminary injunction is moot.

**APPEAL DISMISSED.**