NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DISABILITY LAW CENTER OF ALASKA; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> KEVIN MEYER, Lieutenant Governor of Alaska; STATE OF ALASKA, DIVISION OF ELECTIONS, <br><br> Defendants-Appellees. | No.    20-35778 <br><br> D.C. No. 3:20-cv-00173-JMK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Submitted August 5, 2021[**]
Anchorage, Alaska

Before:  WARDLAW, MILLER, and BADE, Circuit Judges.

Disability Law Center and other plaintiffs appeal the district court's order

denying their motion for an affirmative preliminary injunction that would have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

required Alaska to mail absentee ballot applications to all Alaska voters in advance of the 2020 election. Because the 2020 election has passed, we "can no longer grant any effective relief sought in the injunction request." *Akina v. Hawaii*, 835 F.3d 1003, 1010 (9th Cir. 2016) (per curiam) (citations omitted). This appeal is thus moot. *Id.*

Plaintiffs urge that this appeal presents an issue that is capable of repetition yet evading review. Whether or not the case as a whole presents such an issue, this appeal does not. The appeal concerns only the denial of a requested preliminary injunction that was limited to the 2020 election. As plaintiffs acknowledge, their claims for declaratory relief are still pending before the district court, and therefore "dismissing the preliminary injunction appeal will not, by itself, insulate the defendants' practices from judicial scrutiny." *Akina*, 835 F.3d at 1011. Accordingly, the issues presented in this appeal will not evade review simply because we dismiss this interlocutory appeal as moot. Still, "[w]e pass no judgment on what aspects of the plaintiffs' lawsuit continue to present a live controversy," *Akina*, 835 F.3d at 1011 n.3, and leave further proceedings to the district court.

**DISMISSED AS MOOT**.