NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMBER KRABACH,<br><br>      Plaintiff-Appellant,<br><br>  v.<br><br>COUNTY OF KING, a local governmental entity; JULIE WISE, in her individual capacity, and in her official capacity as Director of King County Elections; STEVE HOBBS, in his official capacity as Secretary of State of the State of Washington; JAY INSLEE, in his official capacity as Governor of the State of Washington,<br><br>      Defendants-Appellees. | No.   22-35843<br><br>D.C. No. 2:22-cv-01252-BJR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted July 12, 2023
Seattle, Washington

Before: GRABER, GOULD, and FRIEDLAND, Circuit Judges.

This case comes to us as an interlocutory appeal of the district court's denial

of Plaintiff Amber Krabach's motion for preliminary injunction. Krabach sued

_____

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

King County, Director of King County Elections Julie Wise, Washington Secretary of State Steve Hobbs, and Washington Governor Jay Inslee (collectively Appellees) alleging that Washington's electioneering laws, Washington Revised Code ("RCW") section 29A.84.510(1), RCW section 29A.84.520, and Washington Administrative Code ("WAC") section 434-250-100(6), violate her federal constitutional rights under the First and Fourteenth Amendments, and her Washington state constitutional rights, by censoring her protected speech and chilling future speech.  On September 16, 2022, Krabach sought a preliminary injunction to stop the enforcement of Washington's electioneering laws in the November 2022 general election.  On October 19, 2022, the district court denied her motion for a preliminary injunction.  Krabach appealed on October 25, 2022. This appeal is moot because the 2022 general election has passed.  We dismiss this appeal for lack of jurisdiction.

1. Under Article III of the United States Constitution, an issue is moot when there is no longer a "live controversy."  *All. for the Wild Rockies v. Savage*, 897 F.3d 1025, 1031 (9th Cir. 2018).  "An interlocutory appeal of the denial of a preliminary injunction is moot when a court can no longer grant any effective relief sought in the injunction request."  *Akina v. Hawaii*, 835 F.3d 1003, 1010 (9th Cir. 2016).  An interlocutory appeal of the denial of a preliminary injunction may become moot even though the underlying case is not moot.  *Id.*  The occurrence of

an election moots relief sought for that election cycle. *Ariz. Green Party v. Reagan*, 838 F.3d 983, 987 (9th Cir. 2016).

In her motion, Krabach contended that the preliminary injunction was necessary "[b]ecause the window for Plaintiff to offer this highly relevant, election-related, political speech to the public in Washington state will conclude with the [2022] general election." In describing the harm that she would suffer without a preliminary injunction, Krabach explained that she "desires to continue speaking upon ballot drop box surveillance and similar matters concerning the 2022 general election in Washington state, but has presently been chilled in her speech by the enforcement efforts of County officials." Thus, the relief sought was only for the 2022 general election, which has now passed.

Krabach contends that her appeal is not moot because the preliminary injunction she sought was not time limited, so it could apply to future elections. However, the motion in the district court focused exclusively on the 2022 general election and included no discussion of any future election.

2. Krabach also contends that, if the appeal of the denial of the preliminary injunction motion is moot, then the "capable of repetition, yet evading review" exception applies. We disagree.

This "exception is reserved for extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2)

there is a reasonable expectation that the plaintiffs will be subjected to the same action again." *Akina*, 835 F.3d at 1011 (internal quotation marks omitted). "Election cases often fall within this exception, because the inherently brief duration of an election is almost invariably too short to enable full litigation on the merits." *Porter v. Jones*, 319 F.3d 483, 490 (9th Cir. 2003). However, in interlocutory appeals where the district court retains jurisdiction over the underlying case, this exception does not apply because "dismissing the preliminary injunction appeal will not, by itself, insulate the defendants' practices from judicial scrutiny." *Akina*, 835 F.3d at 1011.

Here, Krabach's case is still pending before the district court, and Krabach may seek another preliminary injunction for future elections. Therefore, the "capable of repetition, yet evading review" exception to mootness does not apply here.

**DISMISSED.**

4